47 F.3d 399
 In re CHARGE OF JUDICIAL MISCONDUCT.
 No. 91-10-372-12.
 
 Judicial Council of the Tenth Circuit.
 Feb. 2, 1995.
 Before SEYMOUR, Chief Judge; EBEL, KELLY, MOORE, and ANDERSON, Circuit Judges; and CONWAY, BABCOCK, SEAY, and ALLEY, District Judges.
 SEYMOUR, Chief Judge.
 
 
 1
 Pursuant to 28 U.S.C. Sec. 372 and the Tenth Circuit Rules concerning complaints of alleged judicial misconduct, the Judicial Council for the Tenth Circuit Court of Appeals has before it the remaining charges from a series of complaints filed by the complainant against a United States District Judge, between August 8, 1991 and October 10, 1991, and arising out of judicial proceedings before the Judge in a highly controversial and visible case. In a previous Order signed by then Chief Judge Monroe McKay, all of the charges, were dismissed except those relating to alleged extra-judicial comments by the Judge. In this Order, the Council addresses those remaining claims.
 
 
 2
 Specifically, the complainant alleged that the Judge held a press conference in chambers, granted interviews, and appeared on several television news shows. Because these allegations could arguably constitute violations of Canon 3A(6) of the Judicial Code of Conduct, then Chief Judge Monroe McKay appointed a special committee to investigate the facts and allegations contained in the complaints.
 
 
 3
 The allegations of extra-judicial comments cause the Council substantial concern under both Canon 3A(6) and Canon 2 of the Judicial Code of Conduct. While it is always incumbent upon a judge to maintain an objective and dispassionate demeanor, it is particularly important in a case such as this one, which was a highly-publicized case dealing with charged emotional issues.
 
 
 4
 Canon 3A(6)[1] provided at the time of the events in question that "[a] judge should abstain from public comment about a pending or impending proceeding in any court." The Judge's public comments clearly related to a matter before him, and they were made outside the context of the official proceedings themselves. The Judge sought to explain those comments by stating that his purpose was to obtain compliance with a judicial decree. However, the responsibility for obtaining compliance is ordinarily an Executive function. A judge's efforts to obtain compliance with a judicial order should be accomplished through traditional judicial enforcement procedures.
 
 
 5
 Canon 2[2] provided at the time of the events in question that "[a] judge should avoid impropriety and the appearance of impropriety in all of the judge's activities." A judge should be above the fray; he or she should not be influenced by, or appear to be caught up in or contribute to, public clamor. When a judge becomes embroiled in a controversy, the line between the judge and the controversy before the court becomes blurred, and the judge's impartiality or appearance of impartiality may become compromised. Here, the Judge's public comments presented the risk of involving the Judge as an actor in the events, and, at least in the public's perception, could present the appearance that the Judge's impartiality and objectivity had been compromised.
 
 
 6
 Indeed, the Judge's comments led the Tenth Circuit to vacate and remand several of the decisions relating to this case because the Court of Appeals found an appearance that the Judge was biased so as to necessitate recusal. As a result of the Judge's public comments, each of these cases had to be reheard in front of a new judge.
 
 
 7
 If this case were before the Council without the history of the prior judicial review of the merits of these cases, we would be confronted with difficult questions of whether the Judge's extra-judicial comments violated Canon 3A(6) or Canon 2 and, if so, what appropriate disciplinary action should be taken. However, the Tenth Circuit has, in the cases referred to above, already expressed public comment about the inappropriateness of the Judge's extra-judicial conduct. The Council is satisfied that those comments, and the statements contained in this Order, have adequately addressed the issues. We are further mindful of the fact that considerable time and events have now elapsed since the conduct complained of occurred. Finally, we are not unmindful of the fact that the cases before the Judge presented extraordinary challenges and pressures, and that the Judge's responses were no doubt calculated to preserve the peace and to uphold the law. We conclude that all of the objectives of this disciplinary proceeding have reasonably been accomplished through the public comments of the court in the published opinions involving this controversy and through the comments contained in this Order of Dismissal. In Lauer v. Strang, 788 F.2d 135, 138 (8th Cir.1985), the Eighth Circuit concluded that appellate review of judicial conduct obviated the need for disciplinary action by the Judicial Council. Following the lead of that case, we reach the same judgment here.
 
 
 8
 Accordingly, we DISMISS all remaining claims relating to this action.
 
 
 9
 PAUL KELLY, Jr., Circuit Judge, concurring.
 
 
 10
 I concur in the dismissal. However, I write separately to express my concern that the Judicial Council, in its order dismissing the claims relating to alleged extra-judicial comments by the Judge, implicitly condones conduct which is clearly inappropriate.
 
 
 11
 The evidence leads to the conclusion that the Judge took sides in the underlying cases, issued statements and granted interviews to the national media clearly reflective of his position. The federal judicial system will not work if judges carry on in the press in the manner reflected in this case, regardless of the post hoc rationalization employed.
 
 
 12
 The Judicial Council's order correctly notes that the Tenth Circuit reversed several underlying cases due to the Judge's conduct. The fact of reversal, however, only partially corrects the problem and is limited to just those cases. The Judicial Council's order does not address the obvious problem which remains, despite the appeals. When a judge goes to the media in clear violation of Canon 3A(6), the public's confidence in the independence and impartiality of the federal judiciary is necessarily undermined. I cannot agree that the passage of time (due to the length of the investigation) will cure such an impropriety. See Order at 3-4 ("We are further mindful of the fact that considerable time and events have now elapsed since the conduct complained of occurred."). Nor can I agree with that portion of the order which, in essence, can be construed to cancel the earlier admonition, and, if not excuse, at least minimize the conduct in question. See, e.g., Order at 4 ("Finally, we are not unmindful of the fact that the cases before the Judge presented extraordinary challenges and pressures, and that the Judge's responses were no doubt calculated to preserve the peace and to uphold the law."). District judges in this circuit frequently hear cases presenting "extraordinary challenges and pressures," and hear them without public comment. No matter how highly charged the case, the rule of law cannot endure if the tribunal abandons its neutrality.
 
 
 
 [1]
 Canon 3A(6) has been modified slightly since the acts occurred that gave rise to these complaints. Canon 3A(6) now reads, "[a] judge should avoid public comment on the merits of a pending or impending action...."
 
 
 [2]
 Canon 2 has been modified slightly since the acts occurred that gave rise to these complaints. Canon 2 now reads, "[a] judge should avoid impropriety and the appearance of impropriety in all activities."